UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JAMES M. FRYE,

Defendant.

Case No. 07-MJ-0047 (AK)

### DETENTION MEMORANDUM

The Defendant, James M. Frye, has been charged by criminal complaint with possession with intent to distribute phencyclidine, also known as PCP, in violation of 21 U.S.C. § 841(a)(1). The Government requested a detention hearing, which was held on February 28, 2007. At the conclusion of the detention hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the hearing, Officer John Stathers with the Metropolitan Police Department (MPD) testified for the Government. On February 19, 2007, at approximately 2:00 p.m., an undercover

officer was on the 2300 block of Martin Luther King Avenue, S.E., in the District of Columbia.

While in that area, the officer observed Defendant sitting in a vehicle handling a large sum of money.

At this time, Officer Stathers and another officer arrived at the scene and approached Defendant's

vehicle to conduct a traffic stop.  As they neared the car, the officers saw Defendant examining an

object in his lap.  Defendant then spotted the officers and placed the object into an armrest on the

driver-side door.  The officers then examined the driver side door, finding a one-ounce vile half filled

with liquid.  According to Officer Stathers, the liquid had an odor consistent with PCP.

The officers then placed Defendant under arrest and conducted a search of his person and the

vehicle.  A search of Defendant's person yielded two full packs of cigarettes, $12,395 in cash and

four empty vials containing a residue consistent with PCP.  (According to Officer Stathers, cigarettes

are often dipped in PCP and sold to buyers for $20 to $25 apiece.)  In the glove compartment of the

vehicle, police found an eye dropper and several latex gloves.  (According to Officer Stathers, eye

droppers are often used to place PCP on cigarettes for smoking.)  A search of the trunk revealed two

large green bottles containing a liquid with an odor consistent with PCP and 42 small glass vials,

which, according to Officer Stathers, are used to distribute PCP to buyers.  The vehicle search also

yielded a baby food container holding two ounces of PCP and mail matter addressed to Defendant.

At the close of the hearing, the Court found probable cause to believe that the Defendant had

committed a violation of 21 U.S.C. § 841(a)(1).

### Discussion

When, as here, there is probable cause to believe that a defendant has committed a

violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is

prescribed, a rebuttable presumption arises that the defendant constitutes a danger to the

community, and no pretrial release condition or combination of conditions may be imposed to

assure his future presence in court or to reasonably assure the safety of the community.  *See* 18

U.S.C. § 3142(e).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides,

in pertinent part, that if a judicial officer finds that "no condition or combination of conditions

will reasonably assure the appearance of the person . . . [or] the safety of any other person and the

community, such judicial officer shall order the detention of the [defendant] before trial."  18

U.S.C. § 3142(e).  Danger to the community alone is a sufficient basis upon which to order

pretrial detention, if the judicial officer finds by clear and convincing evidence that the

defendant's pretrial release would constitute an unreasonable risk of danger to the community.

*United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113

(3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the

safety of the community, the judicial officer shall take into account the available information

concerning (1) the nature and circumstances of the offense charged; (2) the weight of the

evidence against the defendant; (3) the defendant's history and characteristics, including the

defendant's ties to the community; and (4) the nature and seriousness of the danger to any person

or to the community which would be posed by the defendant's release. *See* 18 U.S.C. §3142(g).

The first factor, the nature and circumstances of the offense, favors detention.  The

Defendant is charged with possession with intent to distribute PCP, a serious narcotics-related

offense.

- 3 -

The second factor, the weight of the evidence, also favors detention.  The Government has strong evidence against Defendant.  A search of Defendant and his vehicle yielded over 12 ounces of PCP, a very large amount of cash, and several pieces of paraphernalia used in the distribution of PCP.

The third factor, the history and characteristics of the Defendant, supports pretrial detention.  In 2006, Defendant was arrested and charged in the D.C. Superior Court with possession with intent to distribute cocaine.  Defendant was released on personal recognizance before trial on the condition that he not commit any more drug offenses.  While on this release, Defendant has been arrested for the instant drug-related activity.  The Court thus has absolutely no assurance that Defendant will stay out of trouble if he is released before trial in this case.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention.  Although the instant charges did not involve violent activity, the Defendant has been involved in the distribution or sale of a significant amount of PCP, a dangerous and illegal substance that causes violence in the Washington, D.C. area.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community.  The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case.

Therefore, the government's motion for pretrial detention is granted.


Dated:  March  13 , 2007                                 /s/
                                                   ALAN KAY
                                                   UNITED STATES MAGISTRATE JUDGE